**Umar BARRIE, Petitioner,**

v.

**DEPARTMENT OF HOMELAND
SECURITY, Respondent.**

No. 07–2526–ag.

United States Court of Appeals,
Second Circuit.

Sept. 29, 2008.

Theodore Vialet, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. ROSEMARY S. POOLER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Umar Barrie, a native and citizen of Sierra Leone, seeks review of the May 14, 2007 order of the BIA affirming the September 3, 2004 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Umar Barrie,* No. A 95 474 038 (B.I.A. May 14, 2007), *aff'g* No. A 95 474 038 (Immig. Ct. N.Y. City Sept. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

This Court has held that "a single false document or a single instance of false tes-

timony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (finding that "even ancillary evidence sometimes supports" the application of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)). We have further held that "a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner" and that "where an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence." *Id.*

Substantial evidence supports the IJ's adverse credibility determination in this case because it was based on Barrie's admission that he knowingly lied in his original asylum application regarding both his date of entry and his arrest record and that he knowingly submitted a false affidavit in support of that application. The IJ's conclusion that the submission of that false evidence rendered his testimony incredible was a proper application of *falsus in uno,* especially where his entry date and arrest record were material to his eligibility for immigration relief. *See id.;* 8 U.S.C. § 1158(a)(2)(B), (b)(2)(ii). Barrie has presented no evidence compelling the conclusion that he testified credibly in light of his prior submission of false evidence. *See Corovic,* 519 F.3d at 95.

Because the only evidence that Barrie was likely to be persecuted depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Barrie has failed to sufficiently challenge the agency's denial of CAT relief

before this Court, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.